IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charlton Beasley, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 4:25-cv-00244-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

    Petitioner Charlton Beasley ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss the petition for lack of jurisdiction, without prejudice and without requiring a return. (ECF No. 22). Petitioner filed objections to the Report. (ECF Nos. 30, 33).

    The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been

made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.

2

*See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

In March 2015, in the Western District of Tennessee, Petitioner was charged in an eight-count indictment with conspiracy to commit kidnapping (Count One); kidnapping (Count Two); brandishing a firearm during and in relation to a crime of violence (kidnapping) (Count Three); Hobbs Act robbery (Count Four); brandishing a firearm during and in relation to a crime of violence (Hobbs Act robbery) (Count Five); carjacking (Count Six); and theft of firearms from a firearm dealer (Count Seven). *United States v. Beasley*, 2:15-cr-20083-SHL, dkt. entry 2 (W.D.TN. Mar. 26, 2015) ("*Beasley I*").[1] On September 9, 2015, Petitioner pled guilty to Counts Two, Three, Four, and Seven. *Id.* at dkt. entries 70, 72. The written plea agreement contained a negotiated sentence of 240 months incarceration, and on December 11, 2015, the sentencing court sentenced Petitioner to 240 months of imprisonment, to be followed by a two-year period of supervised release. *Id.* at dkt. entries 73, 85, 88. Counts One, Five, and Six were dismissed. *Id.* at dkt. entries 85, 88. Petitioner did not file a direct appeal. (ECF No. 1-1 at 4).

In June 2016, Petitioner filed a *pro se* motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence, and that motion was subsequently denied by the

---

[1]   The court takes judicial notice of Petitioner's prior court proceedings. *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).

3

sentencing court on August 1, 2018. *United States v. Beasley*, 2:16-2478-SHL, dkt. entries 1, 7 (W.D. TN) ("*Beasley* II"). Petitioner did not appeal.

On April 3, 2019, Petitioner filed another motion to vacate, and on May 9, 2019, the sentencing court transferred it to the Sixth Circuit Court of Appeals for consideration as a motion for authorization to file a second or successive motion to vacate. *United States v. Beasley*, 2:19-cv-02212-SHL-atc, dkt. entries 1, 5 (W.D. TN) ("*Beasley* III"). Petitioner filed a corrected application for authorization, claiming that his firearms conviction in Count Three is invalid because kidnapping is not a "crime of violence" under § 924(c) in light of *United States v. Davis*, 588 U.S. 445, 470 (2019), which held the residual-clause definition of "crime of violence" in §924(c)(3)(B) is unconstitutionally vague. *In re: Charlton Beasley*, No. 19-5507 dkt. entry 18 (6th Cir. Mar. 2, 2020). On June 26, 2020, the Sixth Circuit granted the motion and transferred case back to the sentencing court. *Beasley III*, at dkt. entry 12.

The sentencing court denied Petitioner's second § 2255 motion to vacate, declined to issue a certificate of appealability, and subsequently denied Petitioner's motions to alter or amend the judgment and to supplement his pleadings. *Id*. at dkt. entries 25, 34, 38. Petitioner appealed and moved for a certificate of appealability, and although the Sixth Circuit disagreed with the sentencing court's analysis, the Sixth Circuit denied a certificate of appealability. *Beasley v. United States*, No. 23-5874, 2024 WL 4493360, at *1 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 787 (2024). In doing so, the Sixth Circuit concluded that "reasonable jurists could not debate the [Petitioner's] *Davis* claim is indeed procedurally defaulted." *Id*. at 2. The Sixth Circuit noted that "to obtain review of a procedurally defaulted claim, the petitioner must demonstrate either cause for the default and actual prejudice or that he is actually innocent." *Id*. The Sixth Circuit then found that Petitioner could have reasonably formulated his claim on direct appeal and that such an

4

appeal would not have been futile, so "reasonable jurists would agree that Petitioner failed to establish cause to excuse his procedural default." *Id*. at 2–3. As to any claim of actual innocence, the Sixth Circuit noted that "*Bousley*[2] requires plea bargainers to show actual innocence of dismissed counts that are 'equally serious' to—not only 'more serious' than—the offense of conviction to obtain review of a defaulted claim." *Id*. (quoting *United States v. Withham*, 97 F.4th 1027, 1034 (6th Cir. 2024)). The Sixth Circuit found Petitioner did not argue or show that he was actually innocent of the § 924(c) offense that was charged in *Count Five* for brandishing a firearm during a Hobbs Act robbery. *Beasley*, 2024 WL 4493360, at *3. As such, the Sixth Circuit concluded that "[r]easonable jurists would therefore agree that [Petitioner] has not made a substantial showing of actual innocence so as to overcome the procedural default of his *Davis* claim." *Id*. Because the Sixth Circuit determined that Petitioner's claims pursuant to *Davis* were procedurally defaulted and that Petitioner did not overcome the default by establishing cause for the default or actual innocence, the Sixth Circuit denied Petitioner's motion for a certificate of appealability. *Id*.

Petitioner now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241. (ECF No. 1). The magistrate judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring the respondent to file a return because the court lacks jurisdiction. (ECF No. 22). Petitioner filed timely objections. (ECF Nos. 30, 33). Accordingly, the matter is now ripe for review.

**II. DISCUSSION**

In recommending dismissal of the Petition, the magistrate judge correctly noted that "Petitioner presents the same arguments from his successive § 2255 in this § 2241 action, regarding

---

[2]   *Bousley v. United States*, 523 U.S. 614, 625 (1998).

5

kidnapping, the residual clause, and *Davis*" and that "to obtain relief under § 2241, [Petitioner] must rely on the narrowly tailored application of § 2255(e)." (ECF No. 22 at 2–3). The magistrate judge concluded that Petitioner cannot satisfy § 2255(e), so his claim may not be considered under § 2241, and this court is without jurisdiction to consider this Petition. *Id*. at 3.

In his objections, Petitioner repeats the arguments related to *Davis* and actual innocence that were raised in his Petition and his second § 2255 petition. *See* (ECF Nos. 1, 30, 33); *see also Beasley III* at 25, 40. He argues that he "has attempted to receive the benefit of [*Davis*] ever since its enactment" and since he has "been denied the benefit of the law in his § 2255 motion, despite his actual innocence and the unconstitutionality of his conviction, § 2241 was his next step in achieving the relief that Davis intended for cases like his." (ECF No. 30 at 4).

However, as correctly noted by the magistrate judge, Petitioner has not satisfied § 2255(e). Section "2255(e), the so-called "saving clause" . . . permits someone—who must otherwise file under § 2255—to file under § 2241 instead if § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Bell v. Streeval*, 147 F.4th 452, 456 (4th Cir. 2025) (citing § 2255(e)). "However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful[.]" *White v. Rivera*, 518 F. Supp. 2d 752, 754 (D.S.C. 2007), *aff'd,* 262 F. App'x 540 (4th Cir. 2008). "Resort to § 2241 via the saving clause and filing in the judicial district of imprisonment is permitted only in 'the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court.'" *Bell v. Streeval*, 147 F.4th 452, 463 (4th Cir. 2025) (quoting *Jones v. Hendrix*, 599 U.S. 465, 474 (2023)). Furthermore, "impossibility and impracticability are not defined with reference to the prisoner's ability to succeed; rather, they are defined with reference to the prisoner's ability to seek relief from the sentencing court." *Id*.

Here, it was neither impossible nor impracticable for Petitioner to seek relief in the sentencing court because he was granted a second or successive § 2255 motion on the same bases presented here. That successive motion was ultimately denied on the merits by the sentencing court, the Sixth Circuit denied a certificate of appealability, and the Supreme Court denied the petition for a writ of certiorari. *See Beasley v. United States*, No. 2:15-CR-20083-01-SHL, 2023 WL 5962596, at *1 (W.D. Tenn. Sept. 13, 2023), *certificate of appealability denied*, No. 23-5874, 2024 WL 4493360 (6th Cir. June 3, 2024), *cert. denied,* 145 S. Ct. 787 (2024). As such, Petitioner was able to seek relief pursuant to § 2255, but he merely disagrees with the result. Disagreement with the denial of a § 2255 motion does not make § 2255 inadequate or ineffective, so such disagreement is not a circumstance in which the saving clause allows for filing under § 2241.[3] Accordingly, Petitioner's objections are without merit and are overruled.

### III.  CONCLUSION

After a careful and thorough review of the Report and record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 22) and incorporates it herein. Accordingly, having concluded it lacks jurisdiction, the court **DISMISSES** Petitioner's § 2241 Petition (ECF No. 1) without prejudice and without requiring Respondent to file a return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that these constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v.*

---

[3]   In fact, the Supreme Court and the Fourth Circuit have determined that even in circumstances where a prisoner could not bring a successive § 2255 motion due to procedural restrictions, "that does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Bell v. Streeval*, 147 F.4th at 463; *see also Jones*, 599 U.S. at 480.

*Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

/s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 27, 2025